EMIL LEHNICK, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, January 10, 1910.**

1. **PRACTICE: Instructions.** Where the petition charges specifically that plaintiff was riding on the platform and plaintiff's instruction submits the hypothesis of his being either on the platform or the steps leading thereto the defendant cannot complain when it, in terms, uses the same language in its instructions.

2. ————: ————: **Excessive Number.** Twenty-nine instructions were written by defendant and fifteen were given. The latter number was too many.

3. **PRACTICE: Appellate: Weighing Testimony.** The functions of the appellate court ceases when it finds the verdict supported by substantial evidence and that the trial was conducted without prejudicial error.

4. **DAMAGES: Excessive Verdict.** Where the injuries were severe and as a matter of law a verdict of $2,500 was not excessive, the fact that a former jury assessed the damages at only $1,000 does not stamp the verdict as the product of passion and prejudice.

Appeal from Jackson Circuit Court.—*Hon. T. J. Seehorn,* Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1) The court erred in refusing to sustain the demurrer offered by the defendant at the conclusion of plaintiff's evidence, also erred in refusing to peremptorily charge at the conclusion of all the evidence that the plaintiff could not recover. Oliver v. Railroad, 9 So. 431; Wilmot v. Railroad, 106 Mo. 535; Ellinger v. Railroad, 153 Pa. St. 213, 25 Atl. 1132; Ransdale v. Railroad, 139 Pa. St. 464, 22 Atl. 639; Bartley v. Railroad,

148 Mo. 124; Byron v. Railroad, 177 Mass. 303, 58 N. E. 1015; Saxton v. Railroad, 98 Mo. App. 494; Pryor v. Railroad, 85 Mo. App. 367. (2) The court erred in the giving of instructions asked by the plaintiff. Nasse v. Algermissen, 25 Mo. App. 186; Waddingham v. Hulett, 92 Mo. 528; Mansur v. Botts, 80 Mo. 651; Warder v. Seitz, 157 Mo. 140; Mining Co. v. Frankenstein, 179 Mo. 564. (3) The court erred in refusing to give instructions asked by the defendant. They properly declared the law and were sustained by the evidence and applicable to the pleadings. Pryor v. Railroad, 85 Mo. App. 367; Saxton v. Railroad, 98 Mo. App. 494; Bartley v. Railroad, 148 Mo. 124. (4) The court erred in admitting incompetent and irrelevant evidence offered by the respondent, over the objection of the appellant. (5) The verdict of the jury is excessive, the result of passion, prejudice and partiality, and not the reflection of fair and considerate judgment. (6) The court erred in overruling appellant's motion for a new trial.

*Jas. A. Reed, T. J. Madden* and *Bird & Pope* for respondent.

(1) Appellant contends that if Lehnick voluntarily boarded a crowded car, and took a place on the platform of the car, without making any complaint or effort to obtain better accommodation, he cannot assign the over-crowding of the car as negligence on the part of the defendant company. This is not the law. Railroad v. Dunser, 161 Ill. 190; Lehr v. Railroad, 118 N. Y. 562; Graham v. Railroad, 149 N. Y. 336; Pray v. Railroad, 44 Neb. 167; Railroad v. Garthright, 92 Va. 625; Hansen v. Railroad, 46 Atl. (N. J.) 718; Lynn v. Railroad, 103 Cal. 7; Brusch v. Railroad, 52 Minn. 512; Reem v. Railroad, 77 Minn. 503, 505; Dennis v. Railroad, 165 Pa. St. 624; Treat v. Railroad, 131 Mass. 371; Graham v. McNeill, 20 Wash. 466; Magrane v. Railroad, 183 Mo. 119, 127; Parks v. Railroad, 178 Mo. 108; Seymour v. Railroad, 114 Mo. 266; Filmot v. Railroad, 106 Mo.

490; Muelhausen v. Railroad, 91 Mo. 344; Choate v. Railroad, 67 Mo. App. 105; Saare v. Railroad, 20 Mo. App. 211; 1 Fetter on Carriers, secs. 82, 83; Nellis St. Ry. Acc. Law, sec. 24, p. 122. (2) But the trial court, in this case, held that it was the law, and so instructed the jury, at the request of the defendant; so the appellant has no cause for complaint. (3) Verdict excessive and result of passion, prejudice and partiality and error of court in overruling motion for new trial. In the decision of the presiding judge, in rendering the opinion of this court in this case, on the rehearing, he said (118 Mo. App. 615): "Speaking for myself, I feel impelled to the belief that although plaintiff was seriously injured at the time and place alleged, the manner in which he was injured was an after thought, and he comes into court upon testimony, so far as he himself is concerned, that has been invented by himself." And the appellant quotes this passage on page 36 of its brief, with the evident purpose of prejudicing the respondent.

JOHNSON, J.—This is an action for personal injury alleged to have been sustained by plaintiff while riding as a passenger on one of defendant's cable cars then operated by defendant. The case has been under consideration by us on two other occasions. Our first opinion and judgment were set aside and a rehearing granted. After a rehearing, we remanded the case for another trial, which resulted in plaintiff's favor and again defendant has appealed.

The case will be found reported in 118 Mo. App. 611, where a history and statement of its character may be found, making a repetition unnecessary. We have concluded that in view of the second verdict in plaintiff's favor, the trial court did not abuse its powers and discretion in refusing to sustain defendant's demurrer to the evidence and in refusing to grant a new trial based on the ground of there not being any testimony to make plaintiff's case of sufficient substance to go to

the jury. In our judgment, the opinion in Bartley v. Railway Co., 148 Mo. 124, relied upon by defendant, does not require that we find error in the regard mentioned.

The petition charges specifically where plaintiff was riding on board the car, viz., the platform. Yet plaintiff's instruction No. 3 submits the hypothesis of his being either there or on the steps leading to the platform. We cannot give ear to defendant's complaint of this, from the fact that it, in terms, uses the same language in its instructions Nos. 6 and 18, which were given by the court.

Other instructions, including those for either party, fully covered every phase of the case and we would not be justified in saying that the jury was misled or that the legal points involved were not fully complied with in respect to the direction which a jury should receive from a court. Instruction No. 11 was refused as offered and given as amended by the court. The amendment was proper. A confusing number of instructions were offered by defendant, twenty-nine in all. Fifteen of these were given and that number was too many.

Complaint is made of prejudice, bias and passion of the jury and of consequent excessiveness of the verdict. Such complaint was also made in the motion for new trial. The verdict was for $2,500. On the former trial it was for $1,000, on practically the same evidence. By reference to the two former opinions in the case it will be seen that, for reasons there stated, we have not been very favorably impressed with plaintiff's case. But after all is said that can be said against the righteousness of the verdict, we are compelled to admit that in all respects it is supported by substantial evidence. The evidence in the present record differs somewhat from that considered in our opinion in the 118 Mo. App. report, and does not appear to us to preponderate so much on the side of defendant. Were we sitting as triers of

141 App.—11

fact we would still decide the case in favor of the defendant, but our functions cease when we find the verdict supported by substantial evidence and that the trial was conducted without prejudicial error. The juries that have faced the parties and witnesses and have heard the evidence have not entertained our view of the facts, but we have no cause to say the last jury were influenced by passion or prejudice, nor would we be justified in arrogating their functions to ourselves. The injuries of plaintiff were severe and we cannot hold, as a matter of law, that a verdict of $2,500 is excessive. This being true, the fact that a former jury assessed the damages at only $1,000 does not stamp the present verdict as the product of passion or prejudice. Within the limits fixed by the evidence, each jury in the assessment of damages, had considerable latitude, and, since we find the last verdict to be within reasonable evidentiary limits, we cannot do otherwise than to give it our approval.

Accordingly, the judgment is affirmed. *Ellison, J.,* concurs; *Broaddus, P. J.,* dissents.